# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

               **Plaintiff,**

        **v.**                            **Case No. 13-CR-135**

JESSICA L. HENSEN[1], et al.,

               **Defendants.**

---

# ORDER

---

Currently pending before the court is defendant Jessica Hensen's ("Hensen") motion to sever her trial from that of any of her seven co-defendants. (Docket No. 104.) The government has responded to this motion, (Docket No. 107), and the defendant has not replied.

The superseding indictment charges Hensen and seven others with conspiracy to commit mail and wire fraud and alleges that Hensen worked as a telemarketer for Administrative Timeshare Resales ("ATR") where she participated in a scheme to solicit upfront fees from timeshare owners under the false promise that ATR would sell their timeshare. (Docket No. 34.) Hensen contends that severance pursuant to Fed. R. Crim. P. 14 is necessary because of the nature of the case and the volume of the evidence would make it difficult for the jury to differentiate Hensen from her co-defendants; Hensen would be prejudiced by the statement of a co-defendant inculpating Hensen; and there is a gross disparity in the weight against her vis-à-vis

---

[1] In her motion, the defendant uses the surname Weinhart. The superseding indictment identifies the defendant by the surname Hensen and indicates that she is also known as Jessica Weinhart. (Docket No. 34.) Because the Hensen surname is identified in the indictment and elsewhere in this case, the court uses this name to identify the defendant.

other defendants. (Docket No. 104 at 3 (citing <u>United States v. Stillo</u>, 57 F.3d 553, 557 (7th Cir. 2005)).)

The court begins with the concern regarding the use of a co-defendant's statement. Frequently referred to as a <u>Bruton</u> issue, <u>see</u> <u>Bruton v. United States</u>, 391 U.S. 123 (1968), it is unknowable at this time whether such a concern will arise at trial. This obviously depends upon which defendants shall assert their right to a jury trial and the nature of the evidence against those defendants. Should a potential <u>Bruton</u> problem arise, this might merit severance at that time. The government assures the court in response that there shall be no <u>Bruton</u> issue, (Docket No. 107 at 5-6), and in any event, the court finds that at this point severance on this basis is not necessary.

Nor does the court finds that an alleged disparity in the weight of the evidence against Hensen or potential difficulties for the jury to differentiate between Hensen and her co-defendants merit severance. The Court of Appeals for the Seventh Circuit "has long recognized a presumption in favor of conducting a joint trial for persons who have been jointly indicted, especially in situations such as this where the indictment charges a conspiracy." <u>United States v. Caliendo</u>, 910 F.2d 429, 437 (7th Cir. 1990) (citing cases). "[A] simple 'disparity in the evidence' will not suffice to support a motion for severance — i.e., it does not independently establish 'actual prejudice'." Id. at 438. Severance is necessary only if the defendant could not receive a fair trial if tried jointly; a defendant having a greater chance of acquittal if she was tried alone is not a sufficient basis for severance. <u>United States v. Stokes</u>, 211 F.3d 1039, 1042 (7th Cir. 2000) (quoting <u>United States v. Cyprian</u>, 23 F.3d 1189, 1194 (7th Cir. 1994)).

Even if Hensen played a minor role in the conspiracy alleged, severance is not appropriate. Undoubtedly, even if severed, the means, manner, and scope of the alleged

conspiracy, rather than just Hensen's actions, would be relevant at trial and thus much of the evidence necessary to establish the guilt of her co-defendants would remain admissible in a trial against Hensen alone.

To the extent that any disparity of evidence does exist, this is a routine problem regularly addressed through jury instructions. And while Hensen "submits that it is questionable whether such instructions can be fashioned that will prevent her being found guilty simply by association with her co-defendants who were directly involved in sales and management, especially after introduction of hundreds and thousands of pages of documents recovered from search warrants," (Docket No. 104 at 4), defense counsel has ample time to draft instructions that he believes will best serve his client's interests.

**IT IS THEREFORE ORDERED** that Hensen's motion for severance, (Docket No. 104), is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) whereby written objections to any order herein or part thereof may be filed within fourteen days of service of this order or prior to the Final Pretrial Conference, whichever is earlier.  Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures.  Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 25th day of February, 2014.


AARON E. GOODSTEIN
U.S. Magistrate Judge